**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HANI H. FAWZI**, | : | |
| Plaintiff, | : | Case No. 2:14-cv-01600 |
| v. | : | JUDGE GRAHAM |
| **BOEHRINGER INGELHEIM ROXANE, INC.** | : | MAGISTRATE JUDGE KEMP |
| | : | |
| Defendant. | | |

**AGREED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DOCUMENTS**

The parties to Case No. 2:14-cv-01600 (referred to herein as "this Action"), Plaintiff Hani Fawzi and Defendant Boehringer Ingelheim Roxane, Inc. (referred to collectively as "the Parties"), hereby stipulate and agree as follows:

WHEREAS, the Parties to this Action recognize that certain documents will be produced that may contain confidential information and/or proprietary business information; and

WHEREAS, the Parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY ORDERED that:

1. <u>Confidential Information</u>:  The Parties and/or any experts or consultants retained by the Parties are required to maintain the confidentiality of certain documents obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this Action ("Confidential Information").  This Confidential Information includes, without limitation: (a) personnel files and/or other similar files of current and former employees of Defendant and

any related entity other than such files of Plaintiff; (b) medical files, leave files, and/or other similar files or any documents containing medical information about current or former employees of Defendant; (c) documents pertaining to the application and/or hire of individuals who applied for positions with Defendant other than such files of Plaintiff; (d) documents containing personal identifying information of employees currently or formerly employed by Defendant and any related entity other than such files of Plaintiff; (e) documents pertaining to Defendant's mode of organization and business structure, including job descriptions; (f) personal financial and tax information of any person other than such documents related to Plaintiff; (g) financial records of Defendant and any related entity; (h) documents containing non-public information regarding Defendant's products, services, samples of materials, scientific information, mode or manner of production, manufacturing techniques, formulas, research data, records, reports notes, compilations, and other recorded information related to the Defendant operations, activities or business and/or services; and (i) any document that contains confidential or proprietary information, which is designated by the party as "Confidential."  This Confidential Information shall be marked "Confidential" and is protected from disclosure to the public regardless of whether it is conveyed by or contained in a document produced, stated in answer to an interrogatory or request for admission, disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding, or disclosed pursuant to a voluntary agreement among counsel.

2. <u>Disputes Regarding Confidential Information</u>:  Any party objecting to the designation of any document as "Confidential" shall make a good faith effort to resolve the dispute without intervention of the Court.  If the Parties are unable to resolve the dispute, the objecting party may move for an order regarding the designation of the documents at issue.  The

Parties agree that any hearing before the Court may be conducted by telephone.  If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their "Confidential" designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

      3.     <u>Limitation on Disclosure</u>:  All Confidential Information shall be used solely for the purpose of conducting this Action.  Confidential Information may be disclosed only to the following persons:

      a.     Attorneys of record for any party to this Action, and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

      b.     The Parties to this Action;

      c.     The Court and its personnel and, if applicable, jurors;

      d.     Employees or former employees of Defendant and any parent, subsidiary, or related entity, if required by either party to assist directly on this litigation, with disclosure only to the extent necessary to perform such assistance;

      e.     Witnesses, independent consultants, or experts retained by any of the Parties to this Action to assist in the preparation and trial of this litigation, who any of the Parties, in good faith, determines need to view such documents for the purposes of this litigation;

      f.     Any arbitrator or mediator designated in this Action;

      g.     Any court reporter employed in connection with a deposition in this Action;

      h.     Any person approved in writing, in advance of disclosure, by the producing party.

4. All persons reviewing or receiving copies of Confidential Information are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this Action, except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order.  Before a party to this Action disseminates any Confidential Information as defined in Paragraph 1 herein, that party shall provide the person to whom such disclosure is made with a copy of this Protective Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions herein.  Notwithstanding the foregoing, the Parties to this Action shall not be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential Information, but shall be bound by the terms of this Protective Order by their signature or the signature of their respective counsel herein.

5. The recipient of any Confidential Information shall maintain such information in a secure and safe area.

6. Should a receiving party utilize any Confidential Information as an Exhibit to a deposition or in any pretrial hearing, such document or any testimony relating thereto shall be submitted and kept under seal for a period of 20 business days after receipt of the transcript.

   a. If a party wishes to designate any part of the deposition as Confidential Information under this Order, the party shall either make a statement on the record at the time of the disclosure or notify counsel for the other party in writing within the 20 business day period of the portions of the deposition to be so designated.

4

b. Counsel for the designating party shall affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contains Confidential Information, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.

c. Only those portions of each transcript designated as "Confidential" in this Action shall be deemed Confidential Information.

7. A procedure for use of Confidential Information as exhibits at trial shall be discussed at the final pre-trial conference of this Action and will be subject to the ruling of the Court. If Confidential Information is filed with the Court, it, or the portions of it that contain Confidential Information, shall be filed by motion or order and in a sealed envelope, together with a caption, identification of the filing counsel and enclosed materials, and the following statement on the outside: "CONFIDENTIAL: This envelope contains documents that are subject to an Order entered by the Court in this Action governing the use of confidential discovery material."

8. Within sixty (60) days after receipt of written notice of the final disposition of this Action, whether by judgment and exhaustion of all appeals, or by settlement, the receiving Parties and all other persons who have received documents containing Confidential Information shall destroy or return all such documents, and all copies thereof, to the producing party. Notwithstanding the foregoing, each party may retain motion papers, briefs, notes, memoranda or other documents which contain Confidential Information. This Protective Order shall continue to apply to all such documents retained by any party in accordance with the preceding sentence.

9. Nothing in this Protective Order shall preclude any party to this Action or any other person from disclosing or using in any manner or for any purpose, any information or

document obtained by means other than discovery in this Action (if such information is lawfully obtained from a third party having the right to disclose such information) even though the same Confidential Information may be contained in a document designated "Confidential."

10. This Protective Order shall not affect any party's right to object to the use in this Action of Confidential Information on any ground. The fact that information or documentation has been designated "Confidential" shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at the time of trial or otherwise.

11. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial of this Action.

12. Any waiver under this Protective Order must be made in writing or, if at a deposition, on the record. Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

13. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the Parties in writing or by order of the Court.

For good cause appearing, IT IS SO ORDERED.

Dated: __June 25__, 2015        /s/ Terence P. Kemp
                                ~~Judge James L. Graham~~
                                United States Magistrate Judge

6

**HAVING SEEN AND AGREED**:

| | |
|---|---|
| */s/ Maryellen Reash* | */s/ Rebecca J. Davis* |
| Maryellen Reash (0059851) | Rebecca J. Davis (0068235), Trial Attorney |
| REASH LAW OFFICES, LLC | Jessica E. Bauml (0088248) |
| 1170 Old Henderson Road, Ste 118 | JACKSON LEWIS P.C. |
| Columbus, Ohio  43220 | 201 E. Fifth Street |
| Telephone:  614-442-1323 | Cincinnati, Ohio  45202 |
| Facsimile:  614-538-1806 | Telephone:  513-898-0050 |
| Email:  mcreashlaw@gmail.com | Facsimile:  513-898-0051 |
| | E-mail:  rebecca.davis@jacksonlewis.com |
| Rateb (Ron) Khasawneh, Esq. | jessica.bauml@jacksonlewis.com |
| 1170 Old Henderson Rd, Suite 116 | |
| Columbus, Ohio  43220 | |
| Tel: 614-442-1323 | Attorneys for Defendant |
| Fax: 614-459-8119 | |
| Email: khasawnehr@aol.com | |

Attorneys for Plaintiff

## EXHIBIT A

## ACKNOLWEDGEMENT AND CONSENT TO JURISDICTION

I, _____ acknowledge that I have been given a copy of and have read the Agreed Protective Order Regarding Confidentiality of Documents in *Hani Fawzi v. Boehringer Ingelheim Roxane, Inc.*, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:14-cv-01600, and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," which is received by me in connection with this matter, and any copy, excerpt, summary or abstract of such document, shall not be disclosed to or discussed with anyone except as expressly provided in the Protective Order. I further acknowledge and agree that all Confidential Information shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned or destroyed at the conclusion of this case.

I consent to the jurisdiction of the United States District Court, Southern District of Ohio, Eastern Division for the purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the State of Ohio that the forgoing is true and correct.

Executed on _____, \_\_\_\_\_ at _____.

_____

4825-8177-0274, v. 1